

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DON THOMAS, JR. | * | |
| Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-07-1350 |
| | * | CRIM. NO. L-04-0250 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*\*\*\*\*

MEMORANDUM

Now pending are pro se petitioner Don Thomas, Jr.'s motion to vacate his sentence (Docket No. 105), amended motion to vacate his sentence (Docket No. 114), and motion for an evidentiary hearing under 28 U.S.C. § 2255 (Docket No. 125). Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary.[1]

For the reasons set forth below, the Court will, by separate Order of even date, DENY Thomas's motion for an evidentiary hearing (Docket No. 125); DENY Thomas's amended motion (Docket No. 114); DISMISS without prejudice Thomas's motion to vacate his sentence (Docket No. 105); VACATE Thomas's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Mr. Thomas for the purpose of noting an appeal.

I.   Background

On May 11, 2004, a federal grand jury returned a two count indictment. Count One charged Don Thomas, Jr., the petitioner, with conspiring to distribute and possessing with the

_____

[1] See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

intent to distribute five kilograms or more of a quantity of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846. On December 9, 2004, the grand jury returned a superseding indictment against Thomas. The superseding indictment charged Thomas with five counts of narcotics and firearms violations.[2]

On January 10, 2005, the Court held a hearing on Thomas's motion to suppress evidence obtained pursuant to a search and seizure warrant. The Court denied the motion to suppress on March 8, 2005. Thomas appeared in Court and pled guilty to Counts One and Four of the Superseding Indictment on April 5, 2005. The Court ordered a pre-sentence investigation and set sentencing for June 22, 2005.

The day before he was to be sentenced, Thomas filed various documents asserting that the Court lacked jurisdiction over his case.[3] Inter alia, Thomas contended that this Court has no jurisdiction over him because he is a "natural man" who never consented to be governed by the United States or its laws. He also took the position that no attorney can ethically represent him because of the conflict of interest created by their oath to uphold the Constitution and other laws of the United States. The next day, Thomas appeared for sentencing and repeated his earlier claims. The Court continued the sentencing hearing and, in an order dated June 20, 2005, appointed William B. Purpura, Esq. as "standby" counsel for Thomas. As standby counsel, Mr. Purpura's role was to advise and inform Thomas to the extent that Thomas requested him to do

---

[2] The indictment charged Thomas with: conspiring to distribute five kilograms of cocaine in violation of 21 U.S.C. § 846 (Count One); possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession with the intent to distribute marijuana (Count Three); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five).

[3] Thomas had previously asserted similar claims prior to the hearing on the motion to suppress. These arguments have been uniformly and summarily rejected by courts. See, e.g., United States v. Gonzalez, 222 Fed. Appx. 238, 243 (4th Cir. 2007) (unpublished); United States v. Mitchell, Harris, Martin, and Gardner, 405 F. Supp. 2d 502 (D. Md. 2006); United States v. Singleton, 2004 WL 1102322, *3 (N.D. Ill. May 7, 2004).

so. Standby counsel's role is limited, and Mr. Purpura neither entered his appearance on behalf of Thomas nor did he assume the obligations inherent in the attorney-client relationship.

Thomas appeared in court with Mr. Purpura on July 27, 2005. He once again claimed that the Court had no jurisdiction and that his lawyer had a conflict in his representation because Purpura had taken an oath to support the Constitution. The Court directed the Government to file a memorandum setting forth its position as to whether Thomas should be permitted to withdraw his guilty plea and whether a competency evaluation should be ordered. On May 19, 2006, after two separate competency evaluations, the Court ruled that Thomas would not be permitted to withdraw his guilty plea. The Court then sentenced Thomas to a term of 300 months.

On May 23, 2007, Thomas filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket No. 105. Thomas alleged that his counsel was ineffective because he failed to file a notice of appeal after promising in open court to do so. In its response, the Government acknowledged that no notice of appeal was ever filed. On August 13, 2008, Thomas filed an amended motion to vacate his sentence under 28 U.S.C. § 2255. Docket No. 114. In this amended motion, Thomas argued that he was entitled to relief based on various jurisdictional defects in his prosecution. On September 16, 2009, Thomas filed a motion for an evidentiary hearing to resolve his pending motions. Docket No. 125.

The Court will address these motions in reverse chronological order. As discussed below, Thomas's motion for an evidentiary hearing (Docket No. 125) is denied, Thomas's amended motion to vacate his sentence (Docket No. 114) is denied, and Thomas's initial motion to vacate his sentence (Docket No. 105) is dismissed without prejudice. Nevertheless, because Mr. Purpura undertook to file an appeal on Thomas's behalf but failed to follow through, the

have no oath of office and lack "standing" to prosecute the case; and (4) the case was based on "fraud and trickery."

These claims merely echo arguments that were made by Thomas and rejected by the Court in earlier proceedings in this case. These claims are patently without merit and are denied.

C.  Ineffective Assistance of Counsel

In his initial motion to vacate (Docket No. 105), Thomas alleges that his counsel was ineffective because he failed to file a notice of appeal after promising to do so. In the Fourth Circuit, a criminal defense attorney's "failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Although Thomas pled guilty, he reserved his right to appeal the Court's denial of his motion to suppress evidence. See Docket No. 71, Plea Agreement ¶ 9. At the conclusion of Thomas's sentencing, the Court stated:

> THE COURT: I would ask Mr. Purpura, although only standby counsel, if you would take the ministerial step of noting an appeal for Mr. Thomas.
>
> Once the appeal is noted, he will be contacted by the Fourth Circuit. Well, his appeal has to be noted within 10 days. If his appeal isn't noted, then he can't take an appeal. If his appeal is noted, then has more time to decide whether he wants to press the appeal or not.
>
> I expressly state on the record that, once you have filed the notice of appeal, that your limited appearance on behalf of Mr. Thomas is withdrawn. So that by filing that notice of appeal, you're undertaking absolutely no other responsibility.
>
> Is that agreeable to you, sir?

have no oath of office and lack "standing" to prosecute the case; and (4) the case was based on "fraud and trickery."

These claims merely echo arguments that were made by Thomas and rejected by the Court in earlier proceedings in this case. These claims are patently without merit and are denied.

C.  Ineffective Assistance of Counsel

In his initial motion to vacate (Docket No. 105), Thomas alleges that his counsel was ineffective because he failed to file a notice of appeal after promising to do so. In the Fourth Circuit, a criminal defense attorney's "failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Although Thomas pled guilty, he reserved his right to appeal the Court's denial of his motion to suppress evidence. See Docket No. 71, Plea Agreement ¶ 9. At the conclusion of Thomas's sentencing, the Court stated:

> THE COURT: I would ask Mr. Purpura, although only standby counsel, if you would take the ministerial step of noting an appeal for Mr. Thomas.
>
> Once the appeal is noted, he will be contacted by the Fourth Circuit. Well, his appeal has to be noted within 10 days. If his appeal isn't noted, then he can't take an appeal. If his appeal is noted, then has more time to decide whether he wants to press the appeal or not.
>
> I expressly state on the record that, once you have filed the notice of appeal, that your limited appearance on behalf of Mr. Thomas is withdrawn. So that by filing that notice of appeal, you're undertaking absolutely no other responsibility.
>
> Is that agreeable to you, sir?

>MR. PURPURA: It is your honor. We'll file a notice of appeal Monday.

Docket No. 105, Gov't Resp. Ex. 1, Sent. Tr. 37-38.

The correct remedy is to dismiss Thomas's motion to vacate his sentence, vacate his judgment of conviction, and enter a new judgment from which an appeal can be taken. See Peak, 992 F.2d at 42.

### III. Conclusion

For the foregoing reasons, the Court will, by separate Order of even date, DENY Thomas's motion for an evidentiary hearing (Docket No. 125); DENY Thomas's amended motion (Docket No. 114); DISMISS without prejudice Thomas's motion to vacate his sentence (Docket No. 105); VACATE Thomas's judgment of conviction; ENTER a new judgment from which an appeal can be taken; and APPOINT counsel for Mr. Thomas for the purpose of noting an appeal.

Should Thomas choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny certification, Thomas may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Dated this 30 day of October, 2009.

Benson Everett Legg
Chief Judge